# FEDERMAN & SHERWOOD

(AN ASSOCIATION OF ATTORNEYS AND PROFESSIONAL CORPORATIONS)

10205 N. PENNSYLVANIA AVENUE
OKLAHOMA CITY, OKLAHOMA 73120
405-235-1560
FACSIMILE: 405-239-2112

2926 MAPLE AVENUE
SUITE 200
DALLAS, TEXAS 75201
214-696-1100
FACSIMILE: 214-740-0112

REPLY TO:   OKLAHOMA CITY, OK

July 14, 2008

**Via Federal Express**

The Honorable Stanley R. Chesler
United States District Court
 District of New Jersey
50 Walnut Street
Newark, New Jersey  07101

Re:   *Guy del Giudice v. S.A.C. Capital Management, LLC, et al.*, U.S. District Court, District of New Jersey, Case No. 06-1413(SRC)

Dear Judge Chesler:

We represent Lead Plaintiff S. Marc Doctoroff ("Lead Plaintiff," or "Doctoroff") in this action. Brodksy & Smith, LLC is Liaison Counsel for Plaintiff.

On May 16, 2008, Federman & Sherwood and Brodsky & Smith moved to withdraw as Counsel for Lead Plaintiff (Docket Nos. 105-107). The Motion was filed after Lead Counsel and Doctoroff mutually agreed that they had a difference of opinion as to the best way to proceed with this action. The Motion was consented to by Doctoroff and is not opposed by any party.

On July 1, 2008 and July 3, 2008, respectively, the following two Motions were filed which seek sanctions against Doctoroff, personally: (1) Defendants Banc of America Securities, LLC and David Maris' Motion for Rule 11 Sanctions against Lead Plaintiff S. Marc Doctoroff (Docket No. 125); and (2) Motion for Sanctions and Attorneys Fees Pursuant to Rule 11 against Lead Plaintiff S. Marc Doctoroff filed by Defendants Gradient Analytics, Inc., Camelback Research Alliance, Inc., James Carr Bettis, Donn Vickrey, Pinnacle Investment Advisors, LLC and Helios Equity Fund, LLC (collectively the "Gradient Defendants")(Docket No. 127).

The Motion day for the two Motions is currently August 4, 2008 and responses are currently due on July 21, 2008.

We respectfully request that the deadline to respond to the two Motions for Sanctions, and any other Motions that may be filed, be extended until a time not less than twenty (20) days after the Court rules on Federman & Sherwood and Brodsky & Smith's Motion to Withdraw as Counsel. We have conferred with Counsel for Banc of America Securities, LLC ("BAS") and David Maris ("Maris") and Counsel for the Gradient Defendants and they oppose this request.

Counsel also requests an *in camera* conference with the Court, if the Court believes that an understanding of the communications between Counsel and Doctoroff would aid the Court in its determination of this request, or any of the pending Motions.

As the Court may recall, this is a securities class action lawsuit brought on behalf of a putative class of sellers of Biovail Corporation ("Biovail" or the "Company") common stock alleging claims for violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934. This action was filed on March 24, 2006 by Guy Del Giudice who was represented by Thomas A. Gentile ("Gentile"). Doctoroff moved for lead plaintiff in this action and for approval of his selection of Federman & Sherwood as Lead Counsel and Brodsky & Smith, LLC as Liaison Counsel for the Class. Doctoroff was appointed Lead Plaintiff and Federman & Sherwood and Brodsky & Smith were approved as Lead Counsel and Liaison Counsel, respectively, on June 26, 2006.

Lead Counsel commenced a thorough investigation into the circumstances and events underlying this action and on January 31, 2007 filed on behalf of Doctoroff the First Amended Class Action Complaint (the "Amended Complaint"). Lead Counsel did not prepare, or participate in the preparation of, the original complaint. The Amended Complaint was prepared based on additional research and investigation. The factual allegations of the Amended Complaint were based on information and belief after reasonable inquiry into the facts and circumstances of the case.

In short, the Amended Complaint alleges that the Defendants engaged in a scheme to depress the share price of, and profit through short selling, Biovail stock. A summary of the allegations of the Amended Complaint is set forth in Respondents', William B. Federman of Federman & Sherwood and Evan J. Smith of Brodsky & Smith, LLC, Response and Objection to Defendants BAS and Maris' Motion for Rule 11 Sanctions and the supporting Joint Declaration of William B. Federman and Stuart W. Emmons filed June 9, 2008. (Docket Nos. 116-17). The history of this action and the substance of Counsel's investigation are also set forth therein in detail.

After the Amended Complaint was filed, this action remained largely dormant while a dispute played out in the United States District Court for the Southern District of New York between Biovail, its attorneys, Gentile, Defendants BAS and its former analyst Maris. The dispute involved Biovail's use of certain documents in its state Rico action against the Defendants in New Jersey state court that were produced by BAS in the securities class action lawsuit against Biovail in the Southern District of New York.

The Honorable Stanley R. Chesler
United States District Court
July 14, 2008
Page 3

On December 11, 2007, plaintiff's attorney in the Biovail class action lawsuit announced that Biovail had agreed to pay $138 million in settlement of the class action claims against it in the Southern District of New York. On March 24, 2008, the United States Securities and Exchange Commission ("SEC") commenced a civil enforcement action against Biovail and its CEO, Eugene Melnyk, and other officers of the Company alleging violations of the federal securities laws. Among other things, the SEC alleged that Biovail had filed false financial statements during the periods 2001 through 2003. On that same day, the SEC announced that Biovail had entered into a consent decree agreeing to pay a $10 million fine in settlement of the SEC charges. Finally, on May 16, 2008, it was announced that Biovail settled a criminal investigation into its marketing practices by agreeing to plead guilty to charges of paying doctors in 2001 to 2003 to buy its blood pressure drug Cardizem LA and to pay a $24.6 million fine.

On April 25, 2008, Defendants BAS and Maris served on Lead Plaintiff's Counsel a Motion for Rule 11 Sanctions. The Motion sought sanctions against Lead Plaintiff's Counsel, William B. Federman ("Federman"), and Liaison Counsel, Evan J. Smith ("Smith"), but not against Doctoroff. Similar motions served by certain of the other Defendants followed, including, but not limited to, motions served on May 9, 2008 and May 14, 2008.

Lead Plaintiff's Counsel conferred with Doctoroff, who was traveling out of the country, provided him copies of the Motions for Sanctions and advised him of the other recent developments concerning Biovail. Lead Counsel also conferred with Doctoroff's attorney, Marc S. Dreier, Esq. ("Dreier"), who, on behalf of Doctoroff, had contacted Lead Counsel concerning this matter. Lead Counsel also provided Dreier with copies of the Motions for Sanctions and explained the recent developments and Lead Counsel's recommendation to Doctoroff. Following consultation, Lead Counsel and Lead Plaintiff Doctoroff mutually determined that they had a difference of opinion as to the best way to proceed in this action at that time and that Doctoroff should obtain substitute counsel. Doctoroff's attorney advised that Doctoroff required additional time of approximately two to four weeks to seek substitute counsel to evaluate this action and determine the best course going forward.

On May 16, 2008, within 21 days of the service of the first Motion for Sanctions, Federman & Sherwood and Brodsky & Smith moved to withdraw as counsel in this action.[1] (Docket Nos. 105-107). The Motion, which is not opposed by any party and was consented to by Lead Plaintiff Doctoroff, is pending and ripe for determination.

---

[1] Each of the Defendants that served Motions seeking sanctions against Federman & Sherwood and Brodsky & Smith have now filed such motions with the Court and Counsel has responded to each of those motions. These Motions are currently pending.

Thereafter, Defendants began serving (but not filing) Motions for Sanctions that sought sanctions against Lead Plaintiff Doctoroff, personally. The first such motion was served by Defendants BAS and Maris, on June 6, 2008, on Lead Counsel and on Doctoroff's attorney Dreier. Each of these Motions, and the cover letters accompanying same, were forwarded by Lead Counsel to Lead Plaintiff Doctoroff and his attorney representative Dreier. In addition, Lead Counsel advised that if the Amended Complaint was not withdrawn within 21 days, the Defendants would likely, as they had stated, file their motions with the Court seeking sanctions against Doctoroff, personally. Counsel also advised Doctoroff and Dreier that if Doctoroff intended to continue to pursue the case, he should obtain substitute counsel to defend the Motions for Sanctions that would likely be filed. Counsel also offered their recommendation as to how Doctoroff should proceed, as they had after the initial motions seeking sanctions against Counsel were served in May 2008. Without waiving attorney client privilege, Counsel can discuss *in camera* their advice to Doctoroff, if the Court believes it would be helpful in determining this request, or any of the pending motions.

On July 1, 2008, Defendants BAS and Maris filed their Motion for Rule 11 Sanctions against Lead Plaintiff Doctoroff. On July 3, 2008, the Gradient Defendants filed their Motion for Sanctions against Lead Plaintiff Doctoroff. The Motion day for the Motions is August 4, 2008 and Doctoroff's responses are currently due July 21, 2008.[2]

Lead Counsel forwarded BAS and Maris' and the Gradient Defendants' Motions for Sanctions to Doctoroff and his representative Dreier. Lead Counsel also advised that the Motions sought sanctions against Doctoroff, personally, and the dates on which the responses are presently due and that Doctoroff should obtain substitute counsel immediately to defend against these Motions.

Doctoroff has consented to the Motion to Withdraw as Counsel filed by Federman & Sherwood and Brodsky & Smith; and has previously expressed his desire to seek substitute counsel to evaluate this case to determine the best course of action going forward. As set forth in Counsel's Motion to Withdraw, Counsel and Doctoroff have a difference of opinion as to how this action should proceed at this time. In Counsel's opinion this difference of opinion may present conflicts between Doctoroff and Counsel as to the appropriate way to respond to the Motions for Sanctions against Doctoroff.

Based on the foregoing, Plaintiff requests that the deadlines to respond to the pending Motions for Sanctions against Doctoroff be extended to a period of time not less than twenty (20) days after the Court determines the pending Motion to Withdraw as Counsel filed by Federman & Sherwood and Brodsky & Smith. This would allow Doctoroff to obtain alternative counsel. Counsel has conferred with counsel for BAS,

---

[2] We may request the automatic extension of time provided by Local Rule 7.1(d)(4), but, if we do, still request the relief asked for in this letter.

The Honorable Stanley R. Chesler
United States District Court
July 14, 2008
Page 5


Maris and the Gradient Defendants who have advised that they oppose this request. BAS and Maris did offer as a "courtesy" to extend the deadline one week provided that their two sanctions motions (one against Counsel and one against Doctoroff) continue to be heard together and Doctoroff provides BAS and Maris an additional week for their reply.[3]

    Thank you for your consideration of this matter.

Sincerely,

William B. Federman

WBF/fvs
cc:    All Counsel (via ECF)
       Marc S. Dreier, Esq. (via email and facsimile)
       **DREIER LLP**
       499 Park Avenue
       New York, NY 10022

---

[3] Under Local Rule 7.1(d)(4) Doctoroff can obtain adjournment of the Motions for Sanctions to the next motion day without BAS and Maris' consent and without offering them an additional seven (7) days for their Reply.

I:\SACCapital\Correspondence\ltrJudgeChesler071308(pldg)3.doc